UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHERYL A. PETROCI,

                            Plaintiff,

v.

TRANSWORLD SYSTEMS, INC.,

                            Defendant.
_____

**REPORT AND RECOMMENDATION**

12-CV-00729(A)(M)

        This case has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [8].[1] Before me is plaintiff's Amended Motion [12] seeking to strike the third, fourth and fifth affirmative defenses asserted by defendant Transworld Systems, Inc. ("TSI") pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) and 12(f). For the following reasons, I recommend that the Amended Motion be granted in part and denied in part.

**BACKGROUND**

        Plaintiff seeks both statutory and actual damages for TSI's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (Complaint [1]). Plaintiff alleges that as a result of TSI's actions, she "became nervous, upset, anxious, and suffered from emotional distress" (id., ¶16), and seeks both statutory and actual damages (id., p.3, ¶¶(a), (b)).

---

[1]     Bracketed references to CM/ECF docket entries.

TSI denies that it violated the FDCPA, and alleges several affirmative defenses, three of which are the subject of this motion: TSI's third affirmative defense alleges that "[a]ny harm suffered by the plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of TSI, or for whom TSI is not responsible or liable"; its fourth affirmative defense alleges that "[a]ssuming plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages"; and its fifth affirmative defense alleges that "[o]ne or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands". TSI's Answer [6].

Plaintiff argues that TSI's affirmative defenses "do not meet the specificity requirements of *Twombly* and *Iqbal*". Plaintiffs Memorandum of Law [12], p. 4 (referring to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Responding to plaintiff's motion, TSI "concedes that its third and fifth affirmative defenses are not sufficiently pleaded", and asks that they be deemed withdrawn. TSI's Reply [14], p. 2.

Therefore, I need only address TSI's fourth affirmative defense (failure to mitigate damages). In addition to arguing that this defense is not sufficiently alleged, plaintiff challenges the defense on its merits, arguing that "a mitigation defense does not give a FDCPA defendant an opportunity to suggest that the Plaintiff should have prevented the violation from occurring", and that "[o]nce an FDCPA violation has been established, there can be no mitigation defense where the claim is only for statutory damages". Plaintiff's Memorandum of Law [12], p. 8.

In opposing the motion, TSI argues that "at this initial pleading stage of the litigation, no discovery has taken place. TSI cannot reasonably be expected to put plaintiff on notice of facts that it has not yet learned. Discovery is necessary for TSI to flesh out the facts of its defense that, at present, are known only to plaintiff. TSI's affirmative defense is a good faith effort to give plaintiff fair notice of the nature of its defense. As the failure to plead an affirmative defense under Rule 8(c) normally results in the waiver of the defense and its exclusion from the case, TSI opted to include defenses for which it has not yet fully developed the factual basis." TSI's Opposition [14], p. 3.

**ANALYSIS**

**A.    Do the Twombly/Iqbal Pleading Standards Apply to TSI's Fourth Affirmative Defense?**

"[T]he applicability of Twombly and Iqbal to affirmative defenses [is] a dispute that has been brewing in the district courts since those cases were decided. No clear answer has yet been distilled." Godson v. Eltman, Eltman & Cooper, P.C., ___F. Supp.2d___, 2012 WL 3964750, *2 (W.D.N.Y. 2012) (Skretny, J.). "Some courts have held that the pleading requirements for claims and affirmative defenses are the same." 5 Wright, Miller, Kane, Federal Practice & Procedure (Civil) §1274 (3d ed.) (citing authorities).[2] "But, other courts have held that Rule 8(c) does not warrant the extension of the Twombly and Iqbal standard to affirmative defenses." Id. (citing contrary authorities).

---

[2]    See, e.g., Tracy v. NVR, Inc., 2009 WL 3153150, *7 (W.D.N.Y. 2009) (Payson, M.J.), adopted as modified, 667 F. Supp.2d 244 (W.D.N.Y. 2009) (Larimer, J.) ("the *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense").

I believe that the latter view is more consistent with the language of Rule 8. Both Twombly and Iqbal focused on the language of Rule 8(a)(2), which requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief". *See* Twombly, 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief'"); Iqbal, 556 U.S. at 677-78 ("We turn to respondent's complaint. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief' . . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'").[3]

However, Rule 8(a)(2) applies only to a "pleading that states a claim for relief", *not* to a defense. "In contrast [to Rule 8(a)(2)], Rule 8(b)(1), which governs the pleading of defenses generally, states that a responding party must 'state in short and plain terms its defenses.' And Rule 8(c)(1) only requires a party to 'affirmatively state' any affirmative defenses . . . . The rule of interpretation of *expressio unius est exclusio alterius* applies with force in this case. If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitlement to relief' in the subsections governing answers and

---

[3] While not directly relevant to this motion, I have yet to hear a plausible reconciliation of the Twombly/Iqbal pleading standards with the conclusory form pleadings approved by Rule 84. *See* Automated Transactions, LLC v. First Niagara Financial Group, Inc., 2010 WL 5819060 (W.D.N.Y. 2010) (McCarthy, M.J.), adopted, 2011 WL 601559 (W.D.N.Y. 2011) (Arcara, J.).

affirmative defenses. That Rules 8(b) and 8(c) contain no such language should end a court's inquiry." E.E.O.C. v. Joe Ryan Enterprises, Inc., 281 F.R.D. 660, 662, 663 (M.D.Ala. 2012). *See also* Business Guides v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 540–41 (1991) ("As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous").

Plaintiff argues that "[i]t is unfair to . . . require a Plaintiff to specifically plead the factual basis upon which their claims are based, while at the same time not imposing a similar requirement on a defendant with respect to their defenses". Plaintiff's Memorandum of Law [12], p. 6. I disagree. "Pleading standards that account for the differences between the pleading of claims and defenses make sense. Knowledge at the pleading stage is often asymmetrical, disproportionately favoring the pleading of a claim by a plaintiff who has had the opportunity to time its filing. While the plaintiff often can conduct an investigation before filing the complaint to ensure its allegations are adequately supported, the defendant must respond quickly after being served . . . . [B]ecause of these differences, Rules 8(b) and 8(c) do not require a court to subject defenses pleaded by a defendant to the same stringent plausibility standards that Iqbal and Twombly demand of claims for relief under Rule 8(a)." Odyssey Imaging, LLC v. Cardiology Associates of Johnston, LLC, 752 F.Supp.2d 721, 726 (W.D.Va. 2010).

In addition to Twombly and Iqbal, plaintiff cites Schechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir.1996) for the proposition that "affirmative defenses that contain only 'bald assertions' without supporting facts should be stricken". Plaintiff's Memorandum of Law [12], p. 6. However, in Schechter the defendant moved pursuant to Rule 12(c) for judgment on the pleadings based upon its affirmative defense, and the court "found that

a bare affirmative defense was insufficient in relation to a motion for judgment on the pleadings. Thus, it is unclear whether the Second Circuit meant that such bare-bones defenses have no efficacy *at all*, or simply that they have no efficacy *to support a motion for judgment on the pleadings*." Godson, *3 (emphasis in original). Therefore, I do not find Schechter to be controlling in this case.

It has been suggested that "applying the same pleading requirements to defendants should not stymie the presentation of a vigorous defense, because . . . a defendant may seek leave to amend its answers to assert defenses based on facts that become known during discovery". Racick v. Dominion Law Associates, 270 F.R.D. 228, 234 (E.D.N.C. 2010). However, this reasoning begs the question of whether discovery would even be available concerning an unpleaded affirmative defense, since the "[f]ailure to plead an affirmative defense in the answer results in the waiver of that defense *and its exclusion from the case*". United States For and on Behalf of the Maritime Administration v. Continental Illinois National Bank and Trust Co. of Chicago, 889 F.2d 1248, 1253 (2d Cir. 1989) (emphasis added); Rule 26(b)(1) ("the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").[4]

In Hahn v. Best Recovery Services, LLC, 2010 WL 4483375, *2 (E.D.Mich. 2010), an FDCPA action, the defendant asserted numerous affirmative defenses, including "failure to mitigate". Id., *1. There, as here, the plaintiff moved to strike the affirmative defenses for failure to comply with the Twombly/ Iqbal pleading standards. In denying the motion, the

---

[4] While Rule 26(b)(1) also allows the court, for "good cause", to "order discovery of any matter relevant to the subject matter involved in the action", an unpleaded affirmative defense is not "involved in the action" - instead, it is "exclu[ded] from the case". Maritime Administration, 889 F.2d at 1253.

court reasoned that "as a defendant in this lawsuit . . . it lacks factual information that would enable it to satisfy the pleading standards set forth in [Twombly and Iqbal]. Moreover . . . this Court is not convinced that *Twombly* or *Iqbal* set forth the pleading requirements for affirmative defenses as the Supreme Court in those cases was dealing with the pleading requirements for stating a claim for relief under Federal Rule of Civil Procedure 8(a), not Rule (b) or (c) which apply to pleading defenses". Id., *2. "In short, the Court believes that whether there is a factual bases for [the] affirmative defenses should be addressed during the discovery process and not through a motion to strike or a motion for judgment on the pleadings." Id.

**B.      Is the Defense Potentially Meritorious?**

"A motion to strike an affirmative defense under Rule 12(f) for legal insufficiency is not favored . . . . Such a motion will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Bernstein v. Mount Ararat Cemetery Inc., 2012 WL 3887228, *9 (E.D.N.Y. 2012) (*quoting* William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir.1984), vacated on other grounds, 478 U.S. 1015 (1986)). *See also* Trustees of Local 813 Insurance Trust Fund v. Wilner's Livery Service, Inc., 2012 WL 4327070, *6 (E.D.N.Y. 2012) ("even though Defendant has pled its affirmative defenses in a conclusory fashion, the Court declines to strike the affirmatives defenses when a question of law remains that might allow them to succeed").

Plaintiff argues that "a mitigation defense does not give a FDCPA defendant an opportunity to suggest that the Plaintiff should have prevented the violation from occurring", and

that "[o]nce an FDCPA violation has been established, there can be no mitigation defense where the claim is only for statutory damages". Plaintiff's Memorandum of Law [12], p. 8. While that may be true, in this case plaintiff seeks not only statutory damages, but also actual damages (Complaint [1], p. 3, ¶(a)), presumably to compensate for her alleged emotional distress (id., ¶19).

Therefore, TSI should be given the opportunity to determine through discovery whether plaintiff failed to mitigate her actual (rather than statutory) damages - for example, by failing to seek medical or psychological counseling for her alleged emotional distress. However, if discovery fails to provide support for the defense, then TSI should reconsider its position. Optimus Communications v. MPG Associates, Inc., 841 F.Supp.2d 722, 726 (E.D.N.Y. 2012) ("Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that the claim was groundless").

**CONCLUSION**

For these reasons, I recommend that plaintiff's Amended Motion [12] be granted to the extent of striking TSI's third and fifth affirmative defenses (both of which TSI has agreed to withdraw), but otherwise denied. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by November 5, 2012 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 19, 2012

    /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge